## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARK MATARRESE**                                         **CIVIL ACTION**

**VERSUS**                                                         **NO: 21-1651**

**PENN NATIONAL GAMING, INC. ET AL.**          **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 25). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On November 10, 2020, Plaintiff Mark Matarrese slipped and fell in a puddle of water in the parking lot of Boomtown Casino in New Orleans, Louisiana, owned by Defendant Louisiana-1 Gaming ("the Casino"). He brought this action under Louisiana's Merchant Liability Statute, Louisiana Revised Statutes § 9:2800.6, against the Casino and its insurer, Zurich American Insurance Co., for the injuries he sustained in the fall. Plaintiff alleges that the Casino breached its duty to protect him from an unreasonable risk of harm. Defendants have moved for summary judgment, alleging that the

1

puddle was open and obvious and that the casino took reasonable precautions by marking the area with traffic cones.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Louisiana Revised Statutes § 9:2800.6 provides a negligence cause of action to people who suffer an injury at a business because of an unsafe condition at the business.[9] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on his claim.[10] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] LA. REV. STAT. § 9:2800.6.

[10] Id. § 9:2800.6(B).

or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[11]

A failure to make a clear showing of any one element under Louisiana's merchant liability statute is fatal to a plaintiff's claim.[12] Defendants argue that (1) Plaintiff cannot show the puddle was unreasonably dangerous because it was open and obvious, and (2) that the Casino exercised reasonable care by marking the puddle with caution cones.

"It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it."[13] "In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated that the hazard should be one that is open and obvious to everyone who may potentially encounter it."[14] Additionally, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear."[15]

The Boomtown Casino sits on the Harvey Canal, and water often accumulates in the parking lot because of that proximity. When standing water accumulates, casino employees mark the area with caution cones. It is undisputed that on the day of the incident here, water had accumulated at the base of the ramp to the hotel, two cones were placed on each side of the standing water to alert pedestrians, and the parking lot was well-lit at night.

---

[11] *Id.*

[12] White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997).

[13] Martin v. Boyd Racing, L.L.C., No. 2:14-CV-3040, 2016 WL 1546792, at *2 (W.D. La. Apr. 14, 2016), *aff'd*, 681 F. App'x 409 (5th Cir. 2017)

[14] Bufkin v. Felipe's La., LLC, 171 So.3d 853, 856 (La. 2014).

[15] Hutchinson v. Knights of Columbus, Council No. 5747, 866 So. 2d 228, 235 (La. 2004).

4

Plaintiff admits that he was distracted by a companion as he approached the ramp and did not notice the cones or the water prior to his fall.

Plaintiff does not seriously dispute that a puddle of standing water in a parking lot is not an open and obvious hazard. He argues, however, that the unreasonably dangerous condition that caused his fall was the algae hidden beneath the puddle of water. He contends that he walked through several puddles in the Casino's parking lot without difficulty but that the puddle that caused his fall was covering an area of slime that could not be seen because of the dark water. In support of his argument, Plaintiff provides pictures of the puddle on the night of the incident, which he suggests show algae at the bottom of the puddle, and the testimony of his expert Neal Johnson, a licensed architect and forensic consultant, opining that a combination of factors— including the overhang from trees, the overspray of the irrigation system, a structural defect of raised asphalt, the underground water seepage through the concrete joints, and a dimly-lit area—created an unsafe condition where water was allowed to pond and cover algae. Mr. Johnson's report also suggests that during his inspection he observed dried algae material in the area where Plaintiff fell.

Even assuming that there was slippery algae at the bottom of the puddle that caused Plaintiff's fall, this Court does not find his argument compelling. A puddle of water is an open and obvious hazard precisely because it is slippery.[16] "[W]ater by itself will cause concrete to become slippery."[17] The fact

---

[16] *See* Cangelosi v. Treasure Chest Casino, L.L.C., 252 So. 3d 559 (La. App. 5 Cir. 2018) ("Ms. Cangelosi stepped directly into a puddle, causing her to slip and fall. The puddle is an obviously[sic] hazard to be avoided.").

[17] Baker v. Hartford Acc. & Indem. Co., 136 So. 2d 828, 831 (La. App. 1 Cir. 1961).

that this puddle may have been more slippery than any other puddle does not make the hazard any less open and obvious.[18] Defendants do not have a duty to warn Plaintiff of an open and obvious hazard, even one that is extra hazardous. Summary judgment is appropriate where the Plaintiff has failed to present evidence that the complained-of condition is unreasonably dangerous.[19] Accordingly, Plaintiff cannot succeed on his claim under Louisiana's merchant liability statute, and the Court need not consider Defendants' other arguments.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

---

[18] *See id.* ("It is common knowledge that accumulations of dirt, dust, oil, grease and other foreign objects amass on a concrete surface in a filling station and whereas water by itself will cause concrete to become slippery, such condition is made more so when water is compounded with the accumulations described and is more apt to cause one to slip or/and fall. This condition was apparent to Plaintiff despite which he attempted to traverse the surface."); James v. Safeco Ins. Co. of Am., 341 So. 2d 1252, 1253 (La. App. 1 Cir. 1976) ("The court was convinced by the photographs introduced into evidence that the puddle and the algae formation therein was open to view, was not a trap, and could have been observed by one maintaining a reasonable lookout for his own safety.").

Plaintiff relies on *Fernandez v. M/V Rio Limay*, 572 So. 2d 730 (La. App. 4 Cir. 1990), in support of his argument. This case was decided under the Longshore and Harbor Workers' Compensation Act, not Louisiana law. *Id.* Further, the court in *Fernandez* noted that the puddle at issue there would not have made the deck of the boat slippery without the algae. *Id.* at 733 ("When such water is found on the deck of a vessel, it is open and obvious, but it is not a hazard which could cause injury to workers since the surface of decks are generally rough and drains are strategically located on vessels to eliminate the build-up of water. Downs, the safety director of TTO, testified that it was not the water that was slippery, that is, the hazard, but rather the slime under the water."). There is no such evidence here.

[19] Allen v. Lockwood, 156 So. 3d 605 (La. 2015).

6

New Orleans, Louisiana this 7th day of December, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**